Browne, J.
To give the court jurisdiction to issue an order of arrest against a person, the facts relied upon must be presented by the affidavit of the plaintiff or some other person. Code of Civil Procedure, § 557. The affidavit required is a statement or declaration reduced to writing, and verified before an officer having authority to administer an oath or affirmation.
Section 844 of the Code provides that an oath or affidavit required, or which may be received in an action, etc., may be taken without the State * * * before an officer authorized by the laws of the State to take and certify acknowledgment and proof of deeds to be recorded in the State; and when accompanied by certificate of the county clerk or other officer, as provided by chapter 557, Laws 1867, * * • * that such officer was duly authorized to take the same, and that the signature of the officer is genuine, etc., the same may be used as if taken and certified in this State by an officer authorized by law to take and certify the same.’1
The paper purporting to be an affidavit of the plaintiff, Charles H. Bowen, taken before an officer in the State of Ohio, and upon which the order of arrest in this action was granted, is not accompanied by a proper certificate, and failed to vest the court with jurisdiction to issue the order ■ of arrest in question.
*133 When the law vests a power in a person to perform, an act or acts, and prescribes the manner in which the same is to be authenticated, a court has no right to depart from the plain provisions of the statute, and it is its duty to exact the evidence which the legislative body prescribes for its guidance under stated circumstances.
The legislature of this State, in order to facilitate the administration of justice and to avoid cumbersome and special designation" of officials, clothed a class of officers in other States with power to administer oaths to persons in those States which might be required for use in this State, the simple qualificatin of such officer being that he should be authorized by the laws of his own State to take and certify acknowledgment and proof of deeds for record within that State. To make certain that such authority was exercised by the proper officer, without regard to the official title he bore in his own State, the legislature provided that such authority should be authenticated by the certificate, and that such certificate should be a declaration that such officer was authorized to take acknowledgment of deeds by the principal ministerial officer of the county for which the officer who administered the oath was authorized to act. It should also contain the evidence that he did in fact and in his own person thus act, which is satisfied by the declaration of the certifying officer that he was acquainted with the handwriting of the officer "who administered the oath, and that he believed it to be genuine.
The wide scope of this enactment demanded these safeguards relative to their exercise, and no hardship can result from requiring their observance. While justice should not be defeated by technical distinctions, yet too enlarged liberality in the interpretation of evidence claimed to be a compliance and in conformity with a positive enactment, is not only often more harmful, but it oners a premium for loose and careless practice.
Substantial compliance with this statute is all that is required, but this means that the certifying officer must state enough in his certificate from which the legal inference of authority to administer the oath, and that it was in fact administered by the person who had the authority, will irresistibly flow.
There is nothing in the-certificate in question from which, by the most liberal construction, any inference can be drawn that the officer who administered the oath was authorized to take and certify acknowledgment or proof ®f deeds for record in Ohio.
The statement that he was a notary public, duly commissioned and sworn, does not indicate what official acts, under the laws of Ohio, he was authorized to perform. Presump *134 tion of authority to take an acknowledgment of deeds for record in that State cannot be indulged in because the officer bears the title of an officer who, within our State, would have such authority. The evidence contained in the certificate as to the authenticity of the signature of the officer who administered the oath is lacking in the first principle which would give it value as evidence in any court of justice; i. e., “want of knowledge of the officer’s handwriting.” The testimony of the certifying officer, if lie was called as a witness to prove the signature, would be rejected, if the extent of his evidence was that the signature “purports” to be that of the officer, followed by the declaration that he believed it to be genuine (this is the extent of the evidence contained in the certificate), the belief being predicated upon the fact that the name of the officer who was supposed to have administered the oath was written upon the paper which was certified.
The legislature, mindful of the elementary principle of evidence above mentioned, required the incorporation of knowledge of the officer’s handwriting in the certificate which the law that commissioned officers to administer oaths in other States directed should accompany the oath to entitle it to be read in evidence in the courts of this State.
The question determined here is not new. It has received careful consideration from able jurists in recently adjudged cases. See Williams v. Waddell, 5 Civ. Pro. Rep., 191; Harris v. Durkee, 5 id., 376; Phelps v. Phelps, 6 id., 117, affirmed, 12 Hun, 642; Smith v. Tim, 14 Abb. (N. C.), 447.
These cases should be followed, for the reason that they give the correct interpretation to the latest enactments upon the law under examination. Some of the earlier cases to which our attention has been directed as having application to the question have been examined by me. I do not find in them any principle in antagonism to the rule laid down in .the cases above cited. Under the special statutes, by authority of which the officer performed the duty devolving upon him, enough appeared in the certificate from which the court could, in those earlier cases, imply a sufficient and substantial compliance with the statute by the authorized officer.
The order will be affirmed, with costs to the respondent.
McAdam, Ch. J., concurred.